IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DON LATTIMORE,             )
                           )
        Petitioner,        )
                           )
    v.                     )    1:15CV104
                           )
FRANK L. PERRY,            )
                           )
        Respondent.        )

### MEMORANDUM OPINION, ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*. Rule 4 of the Rules Governing Section 2254 Proceedings, states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Further, a writ of habeas corpus may only issue if a petitioner demonstrates that he is in state custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).

Here, Petitioner sets out four potential claims for relief based on a prison disciplinary conviction. Petitioner fails to disclose the nature of the offense or the facts surrounding it. However, he sets out the following potential claims for relief: 1) the investigating officer falsified documentary evidence and a hearing officer refused to

-1-

allow Petitioner view the disciplinary package, 2) the evidence against Petitioner included false statements and false documentation, and the hearing officer failed to record the entire disciplinary hearing, 3) unidentified persons tampered with Petitioner's appeal of his disciplinary hearing by first mailing it to the prison where he was formerly housed and where the disciplinary hearing occurred before then mailing it to the Director of Prisons as addressed by Petitioner, and 4) prison officials denied Petitioner's appeal.

This Court's ability to review prison disciplinary proceedings under § 2254 is quite limited. "In a prison disciplinary hearing, an inmate has a right to advance written notice of his charges, a chance to present evidence, and a written statement from the factfinder explaining the evidence relied upon and the reasons for the ultimate decision." Reeves v. Herron, No. 1:09CV287, 2010 WL 3945115, at *4 (M.D.N.C. Oct. 6, 2010) (unpublished) (citing Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985)), recommendation adopted, slip op., No. 1:09CV287 (M.D.N.C. Nov. 3, 2010); see also Wolff v McDonnell, 418 U.S. 539 (1974). In addition, some evidence must support the factfinder's decision. Reeves, 2010 WL 3945115, at *4. Petitioner does not appear to contend that he failed to receive notice of his charges, did not have a chance to present evidence, or did not receive a written decision discussing the evidence. Instead, he seeks to challenge the investigation of the incident, the truth of statements against him, and the decisions to convict him and deny his appeal. Further, although he disagrees with the decision to convict him and with the weight given to statements supporting his guilt, he does not allege that no evidence supported the disciplinary conviction. He only challenges that evidence as being false or inconsistent with other

evidence. However, "the court does not assess the weight of the evidence and leaves the task of determining the believability of the testimony presented at the disciplinary hearing to the hearing officer." Haynes v. Quarterman, No. 4:07-CV-0129-A, 2008 WL 859411, at *5 (N.D. Tex. Jan. 23, 2008) (unpublished). In the end, Petitioner seeks to have the disciplinary conviction retried in this Court. However, Petitioner cannot use the present preceding to relitigate or reargue the findings and conclusions from the disciplinary hearing. "[I]n reviewing administrative findings under a federal habeas corpus or a section 1983 complaint, the federal courts cannot assume the task of retrying all prison disciplinary disputes," but must instead "consider whether the decision is supported by 'some facts' or 'any evidence at all.'" Haynes, 2008 WL 859411, at *5 (citing and quoting Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir.1981)). Petitioner does not claim that no evidence supported the conviction, only that the evidence was weak or faulty. He also alleges that his appeal took a circuitous route in arriving at its intended destination and that prison officials hearing the appeal did not make decisions in his favor. However, he does not allege any harm from the rerouting of his appeal and cannot have this Court rehear the appeal. Nor is he entitled to necessarily win the appeal. In sum, it plainly appears from the Petition that Petitioner possesses no right to relief. Accordingly, *in forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

-3-

Case 1:15-cv-00104-NCT-JEP   Document 4   Filed 05/28/15   Page 3 of 4

IT IS RECOMMENDED that Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be denied and that judgment be entered dismissing the action.

This, the 28th day of May, 2015.

    /s/ Joi Elizabeth Peake
United States Magistrate Judge